IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYRONE AUGUSTA SHERARD, :
    Plaintiff, :
     :
v. : CIVIL ACTION NO. 21-CV-1677
     :
PHILADELPHIA LICENSE & :
INSPECTION, *et al.*, :
    Defendants. :

## MEMORANDUM

**SCHILLER, J.**                                                                                                                                       JUNE 3, 2021

Plaintiff Tyrone Augusta Sherard has filed a *pro se* Complaint, naming as Defendants the Philadelphia Department of Licenses and Inspections and the Philadelphia Housing Authority. (ECF No. 2.) Sherard has also filed a Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 1.) For the following reasons, Sherard will be granted leave to proceed *in forma pauperis,* and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

Sherard claims that the named Defendants breached a duty of care to him, and as a result, his apartment and personal possessions were destroyed in a fire. (ECF No. 2 at 4.)[2] On the form Complaint Sherard used to file his case, he checked the box indicating he seeks to invoke the Court's federal question jurisdiction. (*Id.* at 2.) According to the Complaint, Sherard rented Unit B at 738 N. 49th Street, in Philadelphia. (*Id.* at 3.) He alleges that the unit was not up to City codes and presented a safety hazard. Although the unit was inspected, unidentified

---

[1] The allegations set forth in this Memorandum are taken from Sherard's Complaint.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

individuals (presumably the Defendants) allegedly failed to require that safety devices be installed before the unit was occupied. (*Id.*) Sherard claims that as a result of the absence of fire safety devices, on November 27, 2018, a fire occurred in the unit, causing him loss of property and housing. (*Id.* at 3, 4.) He further claims that he has suffered emotional distress as a result of the fire, and has experienced difficulty maintaining suitable living arrangements. (*Id.* at 4.)

Based on the foregoing, Sherard asserts a claim under 42 U.S.C. § 1983, based upon the Defendants' breach of a duty of care. (*Id.* at 2.) He seeks recovery $70,000: $50,000 for property loss and living expenses and $20,000 for pain and suffering. (*Id.* at 4.)

## II. STANDARD OF REVIEW

Because Sherard appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Sherard is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d

116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

Although Sherard checked the box on the form Complaint indicating he seeks to invoke the Court's federal question jurisdiction, he claims only that the named Defendants breached a duty of care to him. (ECF No. 1 at 2.) A claim asserting a breach of duty of care sounds in negligence. However, the United States Supreme Court has held that a federal constitutional claim may not be predicated on a state actor's mere negligence. *See Canton v. Harris,* 489 U.S. 378, 387 (1989) (holding that mere negligence in training cannot form basis of § 1983 liability); *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"), and there appears to be no other basis for the exercise of federal question jurisdiction.

Moreover, diversity jurisdiction is also not available under 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Sherard does not allege his own citizenship. Rather, he provides only a Pennsylvania address for himself. The Defendants are agencies of the City of Philadelphia, which suggests that diversity of citizenship is lacking. Accordingly, Sherard has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Even if the citizenship of the parties was diverse, Sherard does not satisfy the amount in controversy element of diversity jurisdiction. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted). Here, Sherard claims that the amount in controversy is $70,000, an amount below the jurisdictional limit. Accordingly, diversity jurisdiction is lacking.

IV. **CONCLUSION**

For the reasons stated, Sherard's application for leave to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction pursuant to § 1915(e)(2)(B). No leave to amend will be granted because any

amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Rather, Sherard may pursue his state law claims in a Pennsylvania state court with appropriate jurisdiction.  An appropriate Order follows.